**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Nov 29 9:02 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

(●) Lawsuit
( ) Divorce

Ad Damnum $ _____

**Plaintiff(s)**

DELOISE HENDERSON-THOMPSON

VS

**Defendant(s)**

GEORGE J. JARDOIN and
UPS GROUND FREIGHT, INC.

TO: (Name and Address of Defendant (One defendant per summons))

UPS GROUND FREIGHT, INC. - REGISTERED AGENT
Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Timothy G. Buxton** Plaintiff's attorney, whose address is **1991 Corporate Ave. Suite 310, Memphis, TN 38132** telephone **901-417-7166** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____  By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE <u>ONLY</u>, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20___

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

**Exhibit A**

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____   By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** DELOISE HENDERSON-THOMPSON VS GEORGE JARDOIN

**Case Number:** CT-4729-21

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 11/29/2021 12:55:09 PM

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THRITIETH JUDICIAL DISTRICT OF MEMPHIS

**DELOISE HENDERSON-THOMPSON,**

    **Plaintiff,**

vs.

**GEORGE J. JARDOIN, and**
**UPS GROUND FREIGHT, INC.**

    **Defendants.**

**Docket No.** _____
**Div.** _____

**Jury Demanded**

## COMPLAINT

Plaintiff, Deloise Henderson-Thompson ("Plaintiff"), by and through counsel, hereby files this Complaint against Defendants George J. Jardoin and UPS Ground Freight, Inc. ("Defendants"), for personal injuries and damages and would respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Deloise Henderson-Thompson, is an adult resident of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Defendant, George J. Jardoin, is an adult resident of Alexandria, Louisiana, and may be served with process at 5950 Ball Lane, Alexandria Louisiana 71303.

3. Upon information and belief, Defendant UPS Ground Freight, Inc. is a corporation with its principal place of business located at 100 Semmes Ave Richmond, Virginia 23224, and may be served with process through its registered agent, Corporation Service Company, at 2908 Poston Avenue Nashville, Tennessee 37203.

4. At all times pertinent hereto, Defendant George J. Jardoin was employed by UPS and operated his vehicle in furtherance of business of Defendant, UPS Ground Freight, Inc.

5. Defendant UPS operates a mailing/freight transportation company through the use of employees, agents, servants and/or contractors who perform transportation services within the scope of their employment, apparent authority, agency, or contract to act for the incorporation. Defendant UPS is liable for its own negligence and the acts and omissions of its employees, agents, servants and contractors, including Defendant George J. Jardoin, under doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, respondeat superior, vicarious liability, and as a result of its non-delegable duty to comply with both state and federal regulatory schemes. Defendant UPS owns and operates a number of mailing/freight vehicles in the greater Memphis area.

6. The incident that forms this basis of this suit occurred in Shelby County, Tennessee, thus this Court having personal jurisdiction over the parties and venue is proper in this county.

7. This action arises in tort out of personal injuries and damages incurred as a result of an automobile collision that occurred in Shelby County, Tennessee on or about December 16, 2020.

8. This honorable Court has subject jurisdiction over this claim and personal jurisdiction over the parties.

## FACTS

9. Upon information and belief, Plaintiff alleges that, at all times material hereto, including December 16, 2020, Defendant George J. Jardoin, was the operator of the 2013

International medium/heavy truck, (VIN: 3HSDJSJR8DN171249) which was involved in the motor vehicle collision with the Plaintiff on or about December 16, 2020.

10. Upon information and belief, Plaintiff alleges that, at all times material hereto, on or about December 16, 2020, Defendant George J. Jardoin was the operator of the above referenced truck as the agent, servant, and/or employee of Defendant UPS. Thus, Plaintiff relies upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on part of the Defendant George J. Jardoin, should be imputed to Defendant UPS Ground Freight, Inc.

11. On or about December 16, 2020, Defendant, George J. Jardoin failed to yield the right of way to Plaintiff, Deloise Henderson-Thompson as she was travelling southbound on Millbranch Road, causing the motor vehicle collision with the Plaintiff.

12. At all times pertinent hereto, Plaintiff, Deloise Henderson-Thompson was operating her vehicle in a safe, cautious, and prudent manner.

13. Defendant, George J. Jardoin, failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

14. Plaintiff did not have sufficient time or space to avoid the collision, and as a direct and proximate result of the negligent acts of the Defendants, sustained personal injuries and other damages.

15. As a direct and proximate result of the Defendants' negligent acts, Plaintiff sustained personal injuries and other damages to be more particularly described hereinafter.

## CAUSES OF ACTION

### COUNT I – NEGLIGENT ACTS AND/OR RECKLESSNESS

16. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

17. At all relevant times, Defendant, George J. Jardoin, owed a duty to operate his vehicle prudently, safely, and within the bounds of the law, including a duty to exercise reasonable care.

18. Plaintiff charges and alleges that the Defendant George J. Jardoin, breached that duty in the following ways:

    a. Failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. Failing to maintain a safe lookout;

    c. Failing to devote full time and attention to the operation of his vehicle;

    d. Failing to see what was there to be seen;

    e. Failing to maintain control of his vehicle;

    f. Impeding the normal and reasonable movement of traffic;

    g. Driving in a reckless manner; and

    h. Other acts and/or omissions to be shown at the trial of this cause.

## COUNT II – NEGLIGENCE PER SE

19. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

20. Plaintiff charges and alleges that at the time of the incident in question, the following statutes of the State of Tennessee and ordinances of the City of Memphis set forth in the

City of Memphis Municipal Code were in full force and effect and were violated by the Defendant, constituting negligence per se, to wit:

**T.C.A. § 55-8-136 Drivers to exercise due care**

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder, etc.

**M.M.C. § 11-16-2 Duty to devote full time and attention to operating vehicle**

It shall be unlawful for driver of a vehicle to fail to devote full time to driving of said vehicle when such failure, under the existing circumstances, endangers life, limb or property.

**M.M.C. § 11-16-3 Duty to drive at safe speed, maintain lookout keep vehicle under control**

Notwithstanding any speed limit or zone in effect at time, or right-of-way rules that may be applicable, every driver shall:

(1) Operate his vehicle at safe speed;

(2) Maintain a safe lookout;

(3) Use due care to keep his vehicle under control.

## COUNT III – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

21. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

22. Upon information and belief, Defendant UPS knew or, in the exercise of due diligence and reasonable inquiry, should have known of Defendant George J. Jardoin's propensity to drive in an unlawful, negligent, and/or reckless manner.

23. Defendant UPS committed the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and damages:

    a. Negligent hiring of Defendant George J. Jardoin;

    b. Negligent training of Defendant George J. Jardoin;

    c. Negligent supervision of Defendant George J. Jardoin.

## NEGLIGENT/RECKLESS ENTRUSTMENT

24. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

25. Plaintiff alleges that Defendant UPS negligently and/or recklessly entrusted the subject vehicle to Defendant George J. Jardoin on the date of the subject collision.

26. As a result of the negligence and/or recklessness of Defendant George J. Jardoin while driving the vehicle entrusted to him by Defendant UPS, Plaintiff suffered serious injuries and damages.

27. Defendant UPS is liable for all of Plaintiff's injuries and damages under the theory of negligent entrustment.

## **INJURIES AND DAMAGES**

28. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

29. As a direct and proximate result of the above-described breaches of duties, violations of the common law, and the state statutes by Defendants, Plaintiff has suffered injuries and damages, including but not limited to:

    a. Serious and painful physical injuries;

    b. Past, present, and future physical and emotional pain and suffering;

    c. Past, present, and future mental anguish and emotional distress;

    d. Temporary and permanent impairment and disability;

    e. Past, present, and future reasonable and necessary medical expenses;

    f. Certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which is yet to be determined;

    g. Past, present, and future loss of quality and enjoyment of life

    h.  Property damage;

    i.  Inconvenience;

    j.  Other damages to be proven at trial

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully sues Defendants George J. Jardoin and UPS Ground Freight, INC, for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County for the sum of THREE HUNDRED TEN THOUSAND DOLLARS ($310,000.00), where such actions are the cause of Plaintiff's injuries and damages, and for all other relief to which the Plaintiff may be entitled under Tennessee law.

Respectfully submitted,

Reaves Law Firm, PLLC

_____
Timothy G. Buxton, Esq. (TN #37467)
*Attorney for Plaintiff*
1991 Corporate Ave. Suite 310
Memphis, TN 38132
Phone:  901-417-7166
Fax:    901-328-1352
Tim.buxton@beyourvoice.com