IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DELOISE HENDERSON-THOMPSON,

    Plaintiff,

v.

GEORGE J. JARDOIN, and
UPS GROUND FREIGHT, INC.

    Defendants.

Case No.: 2:22-cv-2013
JURY DEMANDED

## ORDER DISMISSING DEFENDANT UPS GROUND FREIGHT, INC.

Before the Court is the Parties' joint Stipulation of Dismissal, (ECF No. 9), filed February 3, 2022. ("Stipulation"). The Stipulation purports to dismiss Defendant UPS Ground Freight, Inc. without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (*Id*. at PageID 30.) However, Rule 41 does not provide an appropriate basis for dismissal in this case. Therefore, the Court construes the Parties' Stipulation as a motion to dismiss under Rule 21. The Court will **GRANT** the motion and **DISMISS** all claims against Defendant UPS Ground Freight **WITHOUT PREJUDICE**.

### BACKGROUND

This personal injury lawsuit arises from an automobile accident alleged to have occurred in Shelby County, Tennessee. On November 29, 2021, Plaintiff commenced a civil action against Defendants in the Circuit Court for Shelby County, Tennessee. Defendant UPS Ground Freight, Inc. removed to this Court on January 11, 2022 on the basis of diversity jurisdiction under 28 U.S.C. § 1332, 1441, and 1446(d). The Parties now wish to dismiss Defendant UPS Ground Freight, Inc. without prejudice, allowing Plaintiff, a Tennessee citizen, to continue her case as to the other Defendant, George J. Jardoin, a Louisiana citizen. (*See* ECF Nos. 9, 10 at PageID 32.)

The Court retains subject-matter jurisdiction because allowing Plaintiff to pursue claims against Defendant Jardoin does not thwart complete diversity; the latter has also consented to removal and filed an Answer.  (*See* ECF No. 7, 10.)  28 U.S.C. § 1332.  *See SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989) ("Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side . . . .").

## DISCUSSION

The Stipulation notifies the Court that the Parties seek to dismiss Defendant UPS Ground Freight, Inc. from this action under Rule 41(a)(1)(A)(ii).  Rule 41(a), however, does not permit a court to dismiss some, but not all, defendants in a single case.  *See Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 463–64 (E.D. Ky. 2018).  Instead, the "rule permits plaintiffs to dismiss only the entire controversy, not a portion of the claims." *Id.* at 464 (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)).  "[U]nder the law of the Sixth Circuit, Rule 41(a) can only be used to dismiss entire actions; accordingly, *it cannot be used to dismiss fewer than all parties* or all claims." *Greismar v. City of Stow*, Case No. 5:20-cv-01356, 2021 WL 2581563, *6 (N.D. Ohio June 23, 2021) (citing *Taylor*, 286 F.2d at 785) (emphasis added).  And, while some circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent.  *See Preferred Care*, 304 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split in citing cases).  In fact, "district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants." *EQT Gathering, LLC v. A Tract of Prop.*, Case No. 12-58-ART, 2012 WL 3644968, *3 (E.D. Ky. Aug. 24, 2012) (collecting cases).  Therefore, the Stipulation is procedurally ineffective because it purports to dismiss a single party and not the entire action pursuant to Rule 41.

But this conclusion does not end the analysis, as the Court construes filings "by their substantive content and not by their labels." *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011). Consequently, the Court will construe the Parties' Stipulation under Rule 41(a) as a motion to dismiss a party under Rule 21.

Rule 21 provides the appropriate basis for dismissal of a single defendant from a multi-defendant matter. *See Taylor*, 286 F.2d at 785 ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single party should be taken.); *see also Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("[T]he Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41.") (citing *Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003), overruled on other grounds by *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)). The rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. When evaluating a motion to dismiss under Rule 21, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). While Rule 41 "necessarily involves dismissal of the entire action, rather than merely certain claims[,] . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant" when evaluating a motion to dismiss under Rule 21. *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (citing *Arnold*, 2015 WL 1131767, at *4). As such, courts determine whether the nonmoving party will suffer "plain legal prejudice" from the dismissal by considering the following factors: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on plaintiff's part in prosecuting the case," (3) "insufficient explanation

for the need for dismissal," and (4) "whether a motion for summary judgment is pending." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

First, Defendant UPS Ground Freight, Inc. has not filed an answer in response to Plaintiffs' Complaint, so it has likely expended little, if any, effort and expense to prepare for trial. Moreover, the Court has yet to enter a scheduling order in this case and there is no pending trial date. Second, the Court finds no reason to believe Plaintiffs have excessively delayed or lacked diligence in prosecuting this action. Third, while the Parties have not provided any explanation why they seek to dismiss Defendant UPS Ground Freight, Inc., the Court reiterates that this litigation is still in its infancy. And, finally, no motion for summary judgment has been filed in this matter.

Accordingly, the Court finds that, on balance, Defendant UPS Ground Freight, Inc. will not suffer plain legal prejudice by being dismissed without prejudice. The Court will therefore dismiss the claims against Defendant UPS Ground Freight, Inc. without prejudice under Rule 21.

Thus, it is **ORDERED** as follows:

(1) The Court **CONSTRUES** the Parties' Stipulation of Dismissal, (ECF No. 9), as a motion to dismiss the claims against UPS Ground Freight, Inc. only, without prejudice under Federal Rule of Civil Procedure 21;

(2) The construed motion, (ECF No. 9), is hereby **GRANTED**;

(3) All claims against Defendant UPS Ground Freight, Inc. are **DISMISSED WITHOUT PREJUDICE**; and

(4) This dismissal does not apply to the other Defendant, George J. Jardoin, in this matter.

**IT IS SO ORDERED**, this 4th day of February 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE